FILED
DEC 17 2007
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 06-6458

UNITED STATES OF AMERICA,
Plaintiff - Appellee,

v.

CARLTON VICTOR SMITH,
Defendant - Appellant.

Before: MARTIN, SILER, and ROGERS, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION WHEREOF, it is ORDERED that the sentence imposed by the district court on defendant Carlton Victor Smith is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Leonard Green

Leonard Green, Clerk

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0488p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

FOR YOUR INFORMATION

UNITED STATES OF AMERICA, *Plaintiff-Appellee*,

*v.*

CARLTON VICTOR SMITH, *Defendant-Appellant.*

No. 06-6458

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 00-00095—Thomas A. Wiseman, Jr., District Judge.

Argued: November 27, 2007

Decided and Filed: December 17, 2007

Before: MARTIN, SILER, and ROGERS, Circuit Judges.

## COUNSEL

**ARGUED:** C. Douglas Thoresen, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. William Cohen, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** C. Douglas Thoresen, Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. William Cohen, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

## OPINION

ROGERS, Circuit Judge. Carlton Victor Smith was convicted of bank robbery and sentenced to 405 months in prison following his participation in a scheme that was perpetrated by taking the family of a bank manager hostage and threatening to blow up the bank manager's husband with a bomb unless the bank manager retrieved money from a bank vault. This court upheld Smith's conviction and sentence in 2004, but the Supreme Court vacated his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court sentenced him to 396 months in prison. Smith claims that his sentence is procedurally unreasonable because the district court failed to address an argument that Smith made with respect to reducing his Sentencing Guidelines range, and because the district court assertedly disregarded the Sentencing Guidelines and instead relied on the statutory maximum sentences for his crimes. He also argues that his sentence is substantively unreasonable because it is longer than the sentence received by an individual who



Case 3:00-cr-00095 Document 258 Filed 12/19/07 Page 2 of 7 PageID #: 392

played an identical role in a related bank robbery in the Eastern District of Tennessee. Because these arguments are without merit, we affirm.

Smith's conviction stems from a bank robbery that took place on December 12, 1996, in Clarksville, Tennessee. The other participants in the crime were Thomas Albert Nichols and Douglas Daigle. Daigle had previously orchestrated nearly identical robberies in Knoxville and Chattanooga, and Nichols had joined Daigle in the Chattanooga robbery. The Clarksville robbery, however, was the first in which Smith participated.

Late in the afternoon of December 12, 1996, Smith and Daigle gained entrance to the home of Carolyn and Donald Pierce. Mrs. Pierce, who was an area bank manager for First American National Bank, was not home at the time, but her elderly parents and seven-year-old son were. Smith and Daigle held Mrs. Pierce's parents and child hostage inside the house while waiting for Mr. and Mrs. Pierce to return home. Nichols remained outside as a lookout. When Mr. Pierce arrived, a gun was placed to his head as he was forced to the ground, blindfolded, and had his hands and feet bound. When Mrs. Pierce called to inform her family that she was on her way home at around 7:00 p.m., Daigle forced her son to answer the phone and speak to her without revealing the hostage situation. Upon arriving home, a gun was held to her head and she was immediately taken hostage and blindfolded. She was repeatedly told that her family would be killed if she did not provide the hostage-takers with money from a bank vault.

At some point during the night, Daigle took Mrs. Pierce to an upstairs room to discuss the plans for getting the money. During that time, he forced her to disrobe from the waist down and expose herself to him. He threatened to rape her in front of her family, but he did not touch her.

Around 5:00 a.m., Smith took Mr. Pierce from the home. Mr. Pierce was tied down in the back of his Jeep Grand Cherokee and driven to the parking lot of a Waffle House restaurant, where both he and the car were abandoned. Both Mr. and Mrs. Pierce were told that a bomb had been strapped to Mr. Pierce and that it would be detonated if Mrs. Pierce did not retrieve the money. No bomb was actually attached to Mr. Pierce though.

Mrs. Pierce went to the First American National Bank in Clarksville and retrieved $851,000 in cash. She put the money in the bed of her pickup truck, parked the truck a short distance from the bank, and then walked back to the bank, all according to instructions from Daigle. Smith and Nichols then recovered the money from the pickup truck, and the band made their getaway.

Nichols and Smith were arrested on April 26, 2000, in connection with a related case in the Eastern District of Tennessee. Daigle was also arrested, but he later committed suicide while in jail. Nichols and Smith were both indicted on conspiracy charges in the Eastern District, because that is where the conspiracy to commit the Clarksville robbery was hatched. Nichols was also indicted in that district for his role in the Chattanooga robbery, which was identical to the role played by Smith in the Clarksville robbery. In Chattanooga, Nichols was the "inside man" who went into the house with Daigle and assisted him in holding the family hostage. Smith, of course, was the "inside man" during the Clarksville robbery. The United States District Court for the Eastern District of Tennessee sentenced Nichols to 295 months in prison for his part in the Chattanooga robbery, and sentenced Smith to 180 months for the conspiracy charge with respect to the Clarksville robbery.

After being sentenced in the Eastern District, Smith and Nichols were tried and convicted of the Clarksville robbery in the United States District Court for the Middle District of Tennessee. Both men were convicted of bank robbery with use of a dangerous weapon, in violation of 18 U.S.C. §§ 2 and 2113(d), and bank robbery by forced accompaniment, in violation of 18 U.S.C. §§ 2 and 2113(e). The indictment in the Middle District originally charged both men with using a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c), but the government dismissed those charges

so that it could instead pursue a Sentencing Guidelines enhancement under U.S.S.G. § 2B3.1(b)(2) for the use of a firearm in a robbery. The district court applied that enhancement — thereby giving Smith a Sentencing Guidelines range of 324 months to 405 months — and it sentenced both men to concurrent sentences of 300 months in prison for the charge of bank robbery with use of a dangerous weapon and 405 months for the charge of bank robbery by forced accompaniment. This court affirmed their convictions and sentences in an unpublished opinion. *See United States v. Nichols*, 100 F. App'x 524 (6th Cir. 2004). Smith — but not Nichols — then petitioned the Supreme Court for a writ of certiorari. In light of *Booker*, the Supreme Court vacated Smith's sentence and remanded the case for re-sentencing. *See Smith v. United States*, 543 U.S. 1180 (2005).

At the re-sentencing hearing, the district court heard the testimony of Smith's son and sister. It also listened to defense counsel's argument that Smith's offense level should be six levels lower because the firearms enhancement under U.S.S.G. § 2B3.1(b)(2) should not be applied. The crux of that argument was defense counsel's contention that it was unconstitutional for the government to seek an enhancement under U.S.S.G. § 2B3.1(b)(2) rather than to proceed with the prosecution of a substantive offense under 18 U.S.C. § 924(c), which would have required the use of a firearm to be proven beyond a reasonable doubt, as opposed to the preponderance standard required for a Guidelines enhancement. Defense counsel further argued that Smith's Guidelines range after the enhancement would produce an unwarranted disparity between Smith's sentence for the Clarksville robbery and the sentence received by Nichols for his identical role in the Knoxville robbery. Smith's counsel also contended that a sentence of 20-25 years would be sufficient to satisfy the objectives of § 3553.

After listening to the defendant's arguments and the government's response, the district court announced its sentencing decision. It began by noting that the Sixth Circuit had held the previous sentence of 405 months to be a correct application of the Guidelines. The district judge added that this was one of the most egregious crimes he had seen in 28 years on the bench. Then the district court stated that the Guidelines are only advisory and that it must also consider the other factors set forth in 18 U.S.C. § 3553. Next, it discussed Smith's personal history and characteristics, as well as the nature and circumstances of the offense. The court then addressed the need to impose a sentence that would reflect the seriousness of the offense, promote respect for the law, and provide deterrence. The court also commented on the need to protect the public from further crimes that Smith might commit. Ultimately, the district court decided to sentence Smith to 25 years for the first count (bank robbery with use of a dangerous weapon), and 33 years for the second count (bank robbery by forced accompaniment).

The district court did not abuse its discretion in imposing a 396-month sentence on Smith. *See Gall v. United States*, No. 06-7949, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007). First, the court committed no procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* In fact, the district court directly addressed several of the § 3553(a) factors in the following ways: (1) by commenting on the egregious nature of the crime; (2) by noting that Smith has a history of marijuana convictions and continued to show disrespect for the law by cultivating marijuana; (3) by recognizing the need to impose a sentence that will reflect the seriousness of the offense, promote respect for the law, and provide for just punishment; and (4) by citing the need to fashion a sentence that will provide general deterrence and protect the public from additional crimes that Smith might commit. By providing such a discussion, the district court explained its reasoning to a sufficient degree to allow for reasonable appellate review. *See United States v. Dexta*, 470 F.3d 612, 614 (6th Cir. 2006) (citing *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005)).

Even though the district court did not explicitly discuss the Sentencing Guidelines range, it is clear from the record that the district court was aware of the range and considered it. After all, the

prosecution mentioned the exact range several times, and the range had not changed since the first time Smith was sentenced.[1] Moreover, the district court said that it would consider the Guidelines range, and then it went on to impose a sentence within that range. In light of the district court's discussion of the § 3553(a) factors and its obvious consideration of the Guidelines range, the district court set forth enough explanation to satisfy this court that it considered the parties' arguments and had a reasoned basis for exercising its legal decisionmaking authority. *See Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). Therefore, there was no procedural error in the district court's sentencing decision.

Smith makes two procedural arguments with respect to his sentence. First, he argues that the district court primarily relied on the statutory range and failed to consider the Guidelines range. The record demonstrates that this claim is unfounded. As previously noted, the district court was aware of the Guidelines range and expressed its intent to consider the range. Moreover, there was nothing inappropriate about the district court's consideration of the statutory maximum sentences for Smith's offenses. When relevant, it is necessary to consider the statutory maximum because it is indeed a limit on the sentence that can be imposed. The defendant also points to the district court's statement that "I am going to be in primary consideration of the statutory maximum because the Congress considered what the very, very bad violation of these statutes should be," but that statement does not render the sentence unreasonable, especially in light of the fact that the district court obviously considered the Guidelines range and imposed a sentence within that range.

Smith's second procedural argument is that the district court failed to explain its reasons for rejecting his claim that his offense level should be reduced because of the government's allegedly unconstitutional decision to seek a firearms enhancement rather than charge him with an offense under § 924(c). He relies on *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006), for the proposition that the district court must explain the basis for rejecting any argument raised by a defendant. *Richardson* said in dicta that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Richardson*, 437 F.3d at 554; *see also United States v. McGee*, 494 F.3d 551, 558 (6th Cir. 2007) (noting the quoted statement to be dicta). In several cases since *Richardson*, however, this court has made it clear that a district court need not explain its reasons for rejecting each argument made by a defendant. In *United States v. Jones*, 445 F.3d 865 (6th Cir. 2006), this court held that a sentence does not lose its presumption of reasonableness "whenever a district judge does not explicitly address every defense argument." *Id.* at 871. Likewise, a per curiam opinion in *United States v. Feazell*, 219 F. App'x 430 (6th Cir. 2007), held that "*United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006), does not compel district courts to address every argument the defendant raises — no matter how non-meritorious or undeveloped it is — in imposing a sentence." *Feazell*, 219 F. App'x at 433. Furthermore, this court has also said that "[a] sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (*quoting United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005).

Smith's argument with respect to his offense level is without merit and therefore is the kind of argument that a district court need not address. Smith has pointed to no cases which limit a prosecutor's discretion to choose between pursuing a substantive offense or a sentence enhancement. To the contrary, a prosecutor is generally considered to have broad discretion. *E.g.*, *United States v. Allen*, 954 F.2d 1160, 1166 (6th Cir. 1992). The lack of merit in Smith's argument is demonstrated by *United States v. Bolden*, 479 F.3d 455 (6th Cir. 2007), in which this court upheld a sentence where the government had elected to seek an enhancement under U.S.S.G. § 2B3.1(b)(2)

---

[1] Both of Smith's sentencing hearings were conducted by the same judge.

after dropping charges made under 18 U.S.C. § 924(c). Additionally, in a pre-*Booker* case, this court held that it was not unconstitutional for the government to be able to influence a defendant's sentence by choosing between charging the defendant under § 924(c) or seeking an enhancement under § 2B3.1(b)(2), although in that case the longer sentence was obtained by charging under § 924(c). *See United States v. Gough*, No. 97-5617, 1999 WL 183474, at *3 (6th Cir. March 15, 1999). Smith's argument was thus without merit, and the district court was under no obligation to explain its reasons for rejecting it. In any event, the lack of an explanation for rejecting the argument would not necessarily render the sentence procedurally unreasonable because *Rita* makes it clear "[t]he law leaves much, in this respect, to the judge's own professional judgment." *See Rita*, 127 S. Ct. at 2468.

Finally, the sentence imposed by the district court is substantively reasonable, and the district court accordingly did not abuse its discretion in this regard. *See Gall*, No. 06-7949, 2007 WL 4292116, at *7. The sentence in this case is entitled to a rebuttable presumption of reasonableness because it is within the Guidelines range of 324 months to 405 months. That presumption cannot be overcome here because there is no indication that the district court selected the sentence arbitrarily, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor. *See United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007).[2]

Smith claims that his sentence is substantively unreasonable because there is an unjustified disparity between the 396-month sentence that he received for the Clarksville robbery and the 295-month sentence that Nichols received in the Eastern District for playing an identical role in the Chattanooga robbery. Smith argues that the 101-month disparity is unwarranted because the two robberies were conducted in a nearly identical manner — i.e., the families were held hostage overnight, the husband was bound and blindfolded, and the perpetrators told the family that a bomb had been strapped to the husband and would be detonated if the wife did not retrieve money from the bank. Smith contends that the disparity is all the more unwarranted when one considers that the Chattanooga robbery involved a sexual assault on the bank manager while the Clarksville robbery did not.

The disparity argument is unavailing because the Middle District of Tennessee is not bound by the sentencing decisions of the Eastern District. The difference between Smith's 396-month sentence and Nichols's 295-month sentence does not create the kind of disparity that would render a sentence substantively unreasonable. The goal of 18 U.S.C. § 3553(a)(6) is to eliminate "'disparities among defendants with similar records who have been found guilty of similar conduct,'" *United States v. Davis*, 458 F.3d 491, 495-96 (6th Cir. 2006) (quoting § 3553(a)(6)); the goal is not to eliminate disparities between any two defendants who have been found guilty of similar crimes. In other words, § 3553(a)(6) is intended to ensure that there are no unwarranted disparities between the sentence of the defendant in question and the sentences of other defendants in the aggregate. *See United States v. Wills*, 476 F.3d 103, 109-10 (2d Cir. 2007) (stating that § 3553(a)(6) is primarily intended to minimize nationwide disparities). A sample size of two defendants is not sufficient to show such a disparity; it may be that Nichols's sentence in the Eastern District of Tennessee was an outlier and that Smith's sentence in the Middle District is consistent with the sentences received by other similarly situated defendants. To find an unwarranted disparity in this case would allow defendants to bind district courts according to the most lenient sentence that another court had imposed for a similar crime.

---

[2]The presumption applies, moreover, notwithstanding that the Guidelines range was calculated using enhancements based on judge-made fact determinations. *See Rita*, 127 S. Ct. at 2465; *United States v. Robinson*, 503 F.3d 522, 528-31 (6th Cir. 2007).

For the foregoing reasons, Smith's sentence is AFFIRMED.