RECEIVED
IN CLERK'S OFFICE
DEC 2 2011
U.S. DISTRICT COURT
MID. DIST. TENN.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA PLAINTIFF

-VS- NO. 3:00-00095

CARLTON V. SMITH DEFENDANT

## MOTION TO SET-ASIDE JUDGMENT OF CONVICTION

Comes the defendant, Carlton V. Smith, "pro se", and moves the Court for an Order vacating and setting-aside the Judgment of Conviction and Sentence entered herein because it violated the "Double Jeopardy Clause" of the Federal Constitution. The bases for this motion arises from a prior prosecution in the Eastern District of Tennessee, for the same offense; and because the separate sections of 18 USC § 2113, cannot support separate convictions and sentences on each. See United States v Atkins, 558 F.2d 133, 136 (3rd Cir.1977)(citing United States v Corson, 449 F.2d 544, 551 n.15 (3rd Cir. 1971)).

Prior to return of the indictment in this proceeding, the Movant/Defendant, and others, were prosecuted in federal court

in Chattanooga, Tennessee, for conspiring to commit the same offense as that charged "sub judice". Prosecutors relied upon the same and identical facts and conduct in both prosecutions. It is elementary that the Double Jeopardy Clause mandates a single prosecution if the Government intends to base proof of the crimes upon identical conduct, acts, episodes, or transactions. Brown v Ohio, 432 U.S. 161 (1977)(J.Brennan's concurring opinion). In United States v Hunter, 538 F.2d 1239 (6th Cir.1976), the defendant was convicted and sentenced for two counts of bank robbery by assault with a deadly weapon; and one count of kidnapping during the commission of a bank robbery. A term of imprisonment of 35 years was imposed on both counts. The decision ruled that the two sentence were in violation of the Double Jeopardy Clause.

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeoparty of life or limb." U.S. CONST. amend.V. The Double Jeopardy Clause provides three basic protections: "[I]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v Pearce, 395 U.S. 711, 717 (1969). "These protec-

tions stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." Shiro v Farley, 510 U.S. 222, 229 (1994)(citing United States v Wilson, 420 U.S. 332, 339 (1975)).

In addition to being in violation of the Double Jeopardy Clause for prosecuting Carlton Smith a second time for the same conduct, the sentences imposed by this court are not valid because "pyramiding penalties under the Federal Bank Robbery Act where the offenses arose from the same transaction", violates the Double Jeopardy Clause. United States v. Hunter, 538 F.2d at 1240 (citing United States v Fried, 436 F.2d 784 (6th Cir.), cert. denied, 403 U.S. 934 (1971)); and United States v Miller, 594 F.3d 172, 181 (3rd Cir.2010). In this proceeding, Carlton Smith was convicted and sentenced for more than one offense under 18 USC § 2113, based on the same act in extorting money from a bank. The Sixth Circuit has made itself clear on this point of law, i.e., that only one sentence is permissible under 18 USC § 2113, when a defendant is accused of robbing a single banking institution. The different subsections of § 2113 exist solely for sentence enhancement purposes when a more aggravated form of robbery is committed. The conduct merges into a single offense. United States v Fried, 436 F.2d at 787.

In United States v Carter, 621 F.2d 238 (6th Cir.1980), the defendant was convicted on two counts of bank robbery, i.e., the robbery itself, and being armed during its commission. The defendant was sentenced to serve fourteen years on each count, with the sentences to run concurrently. Relying on United States v Gaddis, 424 U.S. 544 (1976), the defendant was ordered re-sentenced on only one count. Thus, this ruling clearly demonstrates that not only was Carlton Smith improperly subjected to stand trial twice for the same conduct, but that it was improper for the court to sentence him under two separate counts for the same act. This includes the count charged in the Eastern District of Tennessee. Under Carter, supra, at least one of the sentences must be vacated. Since Carlton Smith commenced service of the sentence imposed by the Eastern District of Tennessee, first, then the sentence imposed by this court must be vacated.

In United States v Yakubik, 705 F.2d 460 (6th Cir.1982), the jury returned guilty verdicts of "aggravated armed bank robbery under 18 USC§2113(a)and(d), and kidnapping to avoid apprehension for armed bank robbery under 18 USC § 2113(e). He received consecutive sentences of 8 and 15 years for the two convictions." Id. at 461. The appeals panel ruled it was error

to impose sentences on the different subsections:

> the offense of robbery merges into the offense of kidnapping under 18 USC § 2113 (citation omitted). In Moore, this Court specifically rejects the argument of Crawford v United States, 519 F.2d 347, 352 (4th Cir.1975), that kidnapping after the completion of the bank robbery is a separate offense under section 2113(e). The facts of our case, as in Moore, simply do not support such an argument. As counsel for the government candidly admitted in oral argument, a violation of section 2113(e) could not be proven without first proving armed bank robbery.

Id. The aforesaid panel of the Sixth Circuit concluded that it possessed the power "to correct such a sentence on a direct appeal when the defect is apparent from the record. United States v Rosenbarger, 536 F.2d 715, 722 (6th Cir.), cert. denied, 431 U.S. 965 (1976). We, therefore, hold that the offenses under sections (d) and (e) merged, and the 8-year sentence on the lesser offense is vacated." Id. at 461. Accordingly, the sentences imposed against Carlton Smith violate this principle, which mandates that his present sentences be vacated.

In addition to the foregoing legal principles, Carlton Smith was exposed to former jeopardy because all elements of the instant offenses were included in the prosecution against him when tried in the Eastern District of Tennessee. Under the government's theory, a single individual could not have com-

pleted, or even attempted, the subject substantive offense. It required the cooperation of several individuals, which, by necessity, includes a conspiracy. That conspiracy was prosecuted by the government in the previous trial. Included in that conspiracy was the present bank offense. Prosecutors utilized the conduct and actions of Carlton Smith to establish his involvement and association in the conspiracy. Carlton Smith was culpable for the robbery of a single bank, i.e., the bank charged instantly. Thus, all elements of the instant crime were included in the completed conspiracy offense. Prince v. United States, 352 :U.S. 322 (1956), and Bryan v United States, 721 F.2d 572 (6th Cir.1983). Prosecutors were estopped from proving elements used in the prior conviction against Carlton Smith. United States v Weems, 49 F.3d 528 (9th Cir.1995). It was ruled in Rutledge v United States, 517 U.S. 292 (1996), that a defendant could not be punished for both a conspiracy and a substantive crime when they are based upon a single course of conduct. See also: United States v Garcia, 78 F.3d 1517 (11th Cir.1996), and United States v Stoddard, 111 F.3d 1450 (9th Cir.1997).

WHEREFORE, the court is requested to invoke its general supervisory authority by entering an Order vacating and setting-aside Carlton Smith's judgment of conviction; alternatively, the Court is requested to vacate the sentences imposed for violating

18 USC § 2113, and to schedule a re-sentencing hearing since more than one sentence was imposed for the same offense. Federal courts have the power to investigate into whether a judgment was obtained by fraud and make whatever modification is necessary, at any time. United States v Smith, 331 U.S. 469, 475 n.4 (1947)(citing Universal Oil Products Co. v Root Ref. Co. 328 U.S. 575, 580 (1946)). Courts can correct errors at any time. Adams v United States, 317 U.S. 269 (1943).

Respectfully submitted,

CARLTON VICTOR SMITH
#17812-074
U.S. Penitentiary
P O Box 33
Terre Haute, Ind 47808

CERTIFICATE OF SERVICE

The undesigned hereby certifies that a copy hereof was mailed to Hon. William L. Deneke, Ass't. U.S.Atty, A-961 U.S. Courthouse, 110 9th Avenue South, Nashville, TN 37203, by depositing same in the prison's legal mail depository, postage prepaid, this 28 day of NOVEMBER, 2011

Carlton V Smith
DEFENDANT